UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:06CV99-J

ROBERT LOGAN                                                                 PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                 DEFENDANT

## **MEMORANDUM OPINION**

Before the Court is plaintiff Robert Logan's Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying his claim for disability insurance and supplemental security income benefits. After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner is supported by substantial evidence and should be affirmed.

### I. Procedural History

Plaintiff filed the present applications for disability insurance and supplemental security income benefits on January 14, 2003 alleging that he became disabled on November 22, 1995, at age 33 from reflex sympathetic dystrophy in the left leg, arthritis in his right hand and wrist, high blood pressure, migraine headaches and back pain (Tr. 97). His work history includes work as a loader operator, plumber's assistant, television production assistant, and security guard. His educational background includes a high school diploma and a year and a half of college course work. Following a hearing on July 1, 2004 at which both plaintiff and a vocational expert offered testimony, Administrative Law Judge Anne Pritchett ("ALJ") found that the claimant has a severe impairment that prevents him from returning to any of his previous work, but that he remains capable of performing a significant range of light work. Plaintiff has appealed from this unfavorable decision.

II. Standard of Review

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

III. Plaintiff's Argument

Plaintiff argues that the ALJ erred by failing: A) to comply with SSR 96-7p in making his credibility findings; B) to find that plaintiff suffers from Reflex Sympathetic Dystrophy, thus avoiding a proper evaluation pursuant to SSR 03-2p; C) to accord controlling weight to the disabling assessment of plaintiff's treating psychiatrist, Dr. Shriro; and D) to obtain an updated psychological opinion to determine whether plaintiff's mental impairment was of listing level severity.

A.  <u>The ALJ did not comply with SSR 96-7p in evaluating plaintiff's credibility and pain</u>.

Plaintiff argues that the ALJ did not properly consider his complaints of disabling pain, nor his use of a cane and the side effects of his medications. The regulations require the Commissioner to consider all symptoms, and the extent to which those symptoms are consistent with the objective medical evidence and other evidence. SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529(c) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1)  Your daily activities;
2)  The location, duration, frequency, and intensity of your pain or other symptoms;
3)  Precipitating and aggravating factors;
4)  The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
5)  Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
6)  Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
7)  Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

In her Decision, and consistent with both SSR 96-7p and the above-listed factors from 20 C.F.R. § 404.1529(c), the ALJ determined that the record does not support the claimant's testimony

regarding the intensity and persistence of his allegedly disabling symptoms (Tr. 22). In the paragraphs addressing credibility, the ALJ finds the claimant's testimony that he spends 98% of his time in bed improbable, particularly as he is raising two teenage sons as a single parent. The ALJ also found that the severity of symptoms alleged by the claimant were not supported by the medication records. There were several other general inconsistencies contained within the medical records that cast doubt upon the claimant's general credibility, including his statement made in the emergency room that he did not have a physician to prescribe pain medication when that was simply not true.

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). An ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other, Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). In other words, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997). The ALJ's analysis is supported by substantial evidence and is affirmed.

Regarding plaintiff's use of a cane, there is no indication in the medical records that the cane was prescribed as medically necessary. The mere mention in Dr. Oliver's treatment notes of claimant's use of the cane in no way shows that it was required by claimant or even prescribed by a physician. The ALJ's failure to consider claimant's use of a cane is not reversible error.

Plaintiff further contends that the ALJ erred in failing to properly consider the medication side effects that interfere with his ability to work. However, there is no mention in the medical

4

records that such side effects were brought to the attention of claimant's physicians. In fact, claimant's application for benefits notes only occasional drowsiness from Lortab, and his reports to most physicians were that the medications were ineffective. The Court finds no error with the ALJ's analysis.

While plaintiff disagrees with the ALJ's assessment of his credibility, it is nonetheless clear that the ALJ stated sufficient reasons for her credibility determinations, particularly with regard to the inconsistencies in the evidence. Accordingly, the Court declines to disturb the ALJ's credibility findings.

B.  <u>The ALJ erred by failing to find that plaintiff suffers from Reflex Sympathetic Dystrophy</u>.

Plaintiff alleges that the ALJ erred in not finding that he suffers from reflex sympathetic dystrophy ("RSDS") in order to avoid evaluation of his condition under SSR 03-2p.[1] Plaintiff essentially contends that SSR 03-2p lowers the standard required of a claimant for establishing the severity of their pain. While SSR 03-2p does note that RSDS sufferers often do not have the typical medical signs and findings to support their pain, it reminds ALJs that the entire case record must be considered when making credibility findings. Assuming arguendo, that SSR 03-2p applies to this case, the ALJ's analysis is consistent with the mandates of the ruling, as she utilized the entire record in arriving at her credibility determination.

C.  <u>The ALJ failed to give controlling weight to the disabling assessment by plaintiff's treating psychiatrist, Dr. Shriro</u>.

Dr. Shriro is claimant's treating psychiatrist at River Valley Behavioral Health who

---

[1] It should be noted that there is conflicting evidence in the record regarding the appropriateness of an RSDS diagnosis. In particular, Dr. Mahendra Sanapati, a pain specialist who treated claimant, notes that the clinical signs are inadequate to diagnose RSDS (Tr. 365).

performed a psychiatric evaluation in June of 2003 and made diagnoses of major depression recurrent, generalized anxiety disorder, pain disorder, crowd phobia, claustrophobia, and autophobia. He assigned a global assessment of functioning rating ("GAF") of 40, which would indicate serious and disabling psychological symptoms. Dr. Shriro's assessment of the claimant's ability to perform work related activities includes mostly "poor" ability findings that would preclude all work activity (Tr. 341-342). Plaintiff urges that Dr. Shriro's assessment should have been given controlling weight under the treating physician rule, which applies when a "treating source' renders a "medical opinion" that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, Social Security Ruling 96-2p; 20 C.F.R. §404.1527(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993). Notably, all of the above factors must be satisfied in order for the treating source's opinion to be entitled to controlling weight, Social Security Ruling 96-2p.

Dr. Shriro's assessment did not contain any rationale for the limitations assigned. The form contains three separate sections which ask for supporting evidence of the limitations imposed, but each was left blank. He did not refer to any supporting psychological testing or findings that supported the limitations he assigned. Additionally, this Court's review of the treatment notes reveals no supporting evidence.

Plaintiff attempts to rely upon the consistently low GAF rating of 40 assigned by Dr. Shriro as evidence of a disabling mental impairment. According to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, 4th Ed. ("DSM-IV"), the Axis V GAF scale considers psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness. The GAF assessment, standing alone, is a poor tool for determining one's ability to

engage in substantial gainful employment, as occupational functioning is only one of three fields considered in assigning a GAF score. Additionally, use of a scale of 1 to 100 to assess all psychiatric and psychological considerations is a system that lends itself to approximation and considerable variation in interpretation even among experts. Finally, some factors that might result in a low GAF would be largely irrelevant to occupational capacity (such as suicidal ideation), while a higher GAF score may not account for symptoms that severely interfere with the ability to work (such as conflicts with co-workers).

While the GAF is a single piece of information to be considered in the disability inquiry, it cannot substitute for specific information about particular capabilities and characteristics of a claimant. Where there is specific information available, vacating a decision solely upon the basis of a claimant's GAF score is inappropriate. The Court finds that ALJ Pritchett properly evaluated the claimant's mental impairment, assigning little if any import to the GAF score, and her findings are supported by substantial evidence.

In sum, the ALJ did not err in refusing to give controlling weight to Dr. Shriro's disabling findings, as they are inconsistent with other evidence contained in the record. The ALJ stated sufficient reasons for rejecting its most limiting findings and properly applied the treating physician rule.

D. <u>The ALJ was obligated to obtain an updated psychological opinion to determine whether plaintiff's mental impairment was of listing level severity</u>.

Claimant also alleges that the ALJ erred by failing to re-contact Dr. Shriro, and by not calling a medical advisor to testify at the hearing. However, the ALJ was not obligated to call a medical expert at hearing, as it is within her discretion to do so. Additionally, the claimant urges that the

ALJ played doctor in rejecting Dr. Shriro's assessment. The Court finds no basis for this argument, as it is not the rejection of a treating physician's opinion that triggers an ALJ's duty to recontact, it is an inadequacy of the evidence received from a claimant's physician that requires an ALJ to recontact a treating physician. The claimant states that his psychological condition meets listing level severity. However, he does not indicate which listing is implicated, and the Court declines to address this issue for lack of specificity and development.

## IV.  Conclusion

The ALJ's decision is supported by substantial evidence and will not be disturbed by this Court. A Judgment in conformity with this Memorandum Opinion has this day entered.